UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARVIN JACKSON, Plaintiff,

**v.** Civil Action No. 3:17-cv-P322-DJH

ARAMARK *et al.*, Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Marvin Jackson leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at Kentucky State Reformatory (KSR). He brings this action against Aramark, the food service provider at KSR; Aramark Supervisor Mr. Jerge, in both his official and individual capacities; the Kentucky Department of Corrections (KDOC); and KDOC Commissioner James L. Erwin, in both his official and individual capacities.

Plaintiff alleges that he is a diabetic and that Aramark refuses to provide a proper diet for the diabetic prisoners at KSR. Plaintiff also alleges that the food served by Aramark is "not nutritionally adequate, no well-balanced meals." Plaintiff further alleges that the food is not prepared under "clean conditions" and that food servers touch the food while not wearing gloves. Plaintiff also states that food is prepared and served "in a very dirty, roach, rats, and this is

sufficiently gross to eat." Finally, Plaintiff alleges that Aramark serves expired foods to prisoners.

As relief, Plaintiff seeks compensatory and punitive damages and "any additional relief this Court deems Justs, proper, and equitable."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. KDOC and the Official-Capacity Claims against Defendant Erwin

The KDOC is as an agency of the Commonwealth of Kentucky. See Ky. Rev. Stat. § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf &*

*Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 781-82 (l978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (l979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Thus, the Court will dismiss Plaintiff's claims against the KDOC.

The official-capacity claims against Defendant Erwin will also be dismissed on two bases. First, when a state official like Defendant Erwin is sued in his official capacity for monetary damages, he is not a "person" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71(concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim). Second, state officials sued in their official capacities for damages are also absolutely immune from 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

### B. Defendant Aramark and Official-Capacity Claims against Defendant Jerge

Plaintiff sues Aramark and Defendant Jerge in both his official and individual capacities. Plaintiff's official-capacity claims against Defendant Jerge are actually also claims against Aramark. *See, e.g.*, *Griffin v. S. Health Partners, Inc.*, No. 1:12CV-P174-M, 2013 U.S. Dist. LEXIS 17770, *14 (W.D. Ky. Feb. 11, 2013). For purpose of this initial review, the Court will assume that Aramark is a state actor. *See, e.g.*, *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (holding that a private corporation "which contracts with the state to perform a traditional

state function . . . may be sued under § 1983 as one acting 'under color of state law.'") (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988). Like a municipality, such a corporation is only liable when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

### 1. Refusal to Provide Diabetic Diet

Plaintiff's first allegation seems to be that Aramark has a custom or policy of refusing to provide a medically appropriate diet to KSR prisoners who have been diagnosed with diabetes. The failure to provide inmate diabetics with a special diet can be cruel and unusual punishment in some circumstances. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994) (diabetics are prone to coronary artery disease and dangerous weight loss and hence have legitimate concern for their diets); *Byrd v. Wilson*, 701 F.2d 592, 595 (6th Cir. 1983) (claim stated for refusal to provide prescribed diet); *Giebel v. Kropp*, No. 10-cv-645-slc, 2011 U.S. Dist. LEXIS 5588, at *5 (W.D. Wis. Jan. 20, 2011) (citing *Sellers v. Henman*, 41 F.3d at 1102-03, for the proposition that defendants could be held liable if they deliberately withheld dietary accommodations that they knew inmate needed to avoid a diabetic crisis); *Keller v. Williams*, No. 09-60272-CIV-COHN, 2009 U.S. Dist. LEXIS 112221 (S.D. Fla. May 29, 2009) (plaintiff's allegations that defendants refused to honor special diet pass for nightly diabetic snack sufficient to meet the *Twombly* or any "heightened pleading" standard); *Taylor v. Anderson,* 868 F.Supp. 1024, 1026 (N.D. Ill.

1994) (diabetic inmate's allegations that prison failed to provide him with required diet withstood motion to dismiss even though plaintiff did not allege that his diabetes was severe); *Johnson v. Harris*, 479 F. Supp. 333 (S.D.N.Y. 1979) (denying a diabetic prisoner a special diet may violate the Eighth Amendment because certain foods are extremely dangerous to diabetics' health).

Based upon the above, the Court will allow this claim to proceed at this time.

### 2. Nutritionally Inadequate Diet

Plaintiff also more generally alleges that the food served by Aramark is "not nutritionally adequate, no well-balanced meals." This broad allegation, without more detail, is simply insufficient to support a claim. *See, e.g., Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 215-16 (6th Cir. 2001) (rejecting Eighth Amendment claim based on assertion that the plaintiff received only one cup of fruit as one of the six meals he received in one day); *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977) (holding that one meal per day of "food loaf" that provides sufficient nutrition to sustain normal health does not offend the Constitution); *Witschi v. N.C. Dep't of Pub. Safety*, No. 1:14-cv-68-FDW, 2014 U.S. Dist. LEXIS 103300, at *7 (W.D.N.C. July 29, 2014) (finding no Eighth Amendment claim despite Plaintiff's allegation that he was not being fed a sufficient diet because he did not allege facts suggesting that his health had deteriorated as a result of his diet regimen); *Kemp v. Drago*, No. 1:12-1481-JFA-SVH, 2013 U.S. Dist. LEXIS 113430, *21 (D.S.C. Sept. 11, 2013) (holding that "Plaintiff's allegation of a seventeen-pound weight loss does not state a cognizable claim" of inadequate nourishment).

Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### 3. Unsanitary Food Service Conditions and Expired Foods

Finally, Plaintiff's allegations regarding the unsanitary condition of the food service area and the serving of expired foods to prisoners also fails to state a claim upon which relief may be granted. The Court construes these allegations as conditions-of-confinement claims. The Supreme Court has held that "extreme deprivations are required to make out a conditions-of-confinement claim . . . [b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). In other words, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v.Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

Thus, courts have regularly held that allegations of food service areas infested with roaches and rats are not sufficient to state an Eighth Amendment claim. *Brown v. Withrow*, No. 92-1765, 1993 U.S. App. LEXIS 1724, at *3 (6th Cir. 1993) (holding that rats, roaches, and ants in cell for four days, while unpleasant, was "not below the constitutional standard of 'the minimal civilized measures of life's necessities'") (citation omitted); *Hancock v. Rowland*, 2015 U.S Dist. LEXIS 95110 (M.D. Tenn. July 16, 2015) (allegation of infestation of spiders, rodents, lizards, and insects does not state an Eighth Amendment claim because no allegation of any injury or illness in connection with this condition); *Newsom v. Hall*, No. 3:12-cv-811, 2012 U.S. Dist. LEXIS 116140, *8 (M.D. Tenn. Aug. 17, 2012) ("The Court therefore finds that his allegations regarding the insect in his food and the sight of insects in the dining room do not rise to the level of a constitutional violation."); *Cable v. Wall*, No. 09-439 ML, 2010 U.S. Dist. LEXIS 37176, at *10 (D.R.I. Mar. 18, 2010) (allegations of ants, rodents, and mice in

correctional facility not sufficiently serious to satisfy the objective component of the Eighth Amendment test, especially where the plaintiff has not alleged that he suffered, or will imminently suffer, any injury as a result of these conditions); *Fortson v. Kern*, 2005 U.S. Dist. LEXIS 38466 (E.D Mich. Dec. 19, 2005) (allegation of insect and rodent infestation does not state a constitutional claim).

Moreover, although Plaintiff also alleges that prisoners are served expired foods, he does not allege any injury as a result. Courts have generally held that this type of allegation is also insufficient to meet the objective component of the Eighth Amendment standard. *See, e.g., Chavis v. Fairman*, 51 F.3d 275 (7th Cir. 1995) (occasional service of spoiled food cannot be said to deprive inmates of basic nutritional needs); *Jackson v. Gusman*, No. 15-244 Section "C" (2), 2015 U.S. Dist. LEXIS 136243, at *17-18 (E.D. La. Aug. 31, 2015) (dismissing allegation of being served spoiled food on multiple occasions for failure to state a constitutional claim)(report and recommendation), adopted by 2015 U.S. Dist. LEXIS 136241 (E.D. La. Oct. 2, 2015); *Lewis v. Taylor*, No. 3:16cv63/RV/EMT, 2016 U.S. Dist. LEXIS 128360 (N.D. Fla. Aug. 9, 2016) (allegations of service of substandard and spoiled food while in segregation failed to meet objective component of an Eighth Amendment claim).

In light of the above case law, the Court concludes that Plaintiff's allegations based upon his conditions of confinement fail to state a claim upon which relief may be granted.

### C. Individual-Capacity Claims

Finally, the Court concludes that Plaintiff's individual-capacity claims against both Defendant Erwin and Defendant Jerge must be dismissed for failure to state a claim upon which relief may be granted. First, Plaintiff does not make specific allegations against either Defendant in his complaint. *See Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting

that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). Moreover, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691-94 (1978); *see also Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009) ("[A] § 1983 claim must fail against a supervisory official unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.") (quotation omitted); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("Section 1983 liability will not be imposed solely upon the basis of respondeat superior.").

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against KDOC and his official-capacity claims against Defendant Erwin are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from Defendants who are immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Aramark and his official-capacity claims against Defendant Jerge based upon the serving of a nutritionally inadequate diet, expired food, and unsanitary food service conditions are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claims against Defendants Erwin and Jerge are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant Aramark and Defendant Jerge in his official-capacity for refusing to provide diabetic inmates with a diabetic diet shall be allowed to proceed.

The Clerk of Court is **DIRECTED** to terminate KDOC and Defendant Erwin as parties to this action.

The Court will enter a separate Scheduling Order and Order Regarding Service to govern the continuing claim.

Date:

cc: Plaintiff, *pro se*
     Defendants
4415.011