UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARVIN JACKSON, Plaintiff,

v.   Civil Action No. 3:17-cv-P322-DJH

ARAMARK *et al.*, Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendants Aramark and Jerge to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DN 11). For the following reasons, the motion will be denied.

Plaintiff Marvin Jackson initiated this *pro se* prisoner civil rights action on May 23, 2017.[1] On July 26, 2017, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed several claims but allowed Plaintiff's claims for refusing to provide diabetic inmates with diabetic diets to proceed against Defendant Aramark and Defendant Jerge in his official capacity (DN 6).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all 'well-pleaded facts" in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). In addition, "[a] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

---

[1] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In their motion to dismiss, Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted because he failed to allege that he exhausted his administrative remedies in the complaint. In support of this position, Defendants refer to the Prison Litigation Reform Act (PLRA) and cite at length to *Shorter v. Chandler*, No. 3:04CV-P579-CRS, 2005 U.S. Dist. LEXIS 8228 (W.D. Ky. Apr. 28, 2005). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Shorter*, this Court dismissed a prisoner's complaint under this provision of the PLRA because the prisoner had failed to allege in the complaint that he had exhausted his administrative remedies prior to bringing an action in federal court. *Shorter v. Chandler*, 2005 U.S. Dist. LEXIS 8228 (citing *Knuckles El v. Toombs*, 215 F.3d. 640 (2000)).

Defendants' motion, however, is based upon precedent that has since been overruled. In *Jones v. Bock,* the Supreme Court held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. 199, 216 (2007). In light of *Jones*, the Sixth Circuit has concluded that the exhaustion affirmative defense is best raised in a motion for summary judgment. *See, e.g., Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014); *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)).[2] This is because proof of lack of

---

[2] The rare exception to this general rule occurs where the plaintiff includes allegations in his complaint that permit adjudication of an exhaustion defense on a motion to dismiss. *See Rembisz v. Lew*, 590 F. App'x at 504

exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (holding that when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as a motion "for summary judgment under Rule 56") (quoting Fed. R. Civ P. 12(d)).

Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (DN 11) is **DENIED**.

Date: September 27, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Counsel of Record
4415.011

---

(acknowledging that the exhaustion defense may be "susceptible to resolution on a motion to dismiss if a plaintiff affirmatively pleads himself out of court") (citing *Jones*, 549 U.S. at 215)).