UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARVIN JACKSON,                                                              Plaintiff,

v.                                                         Civil Action No. 3:17-cv-P322-DJH

ARAMARK *et al*.,                                                          Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendants Aramark Correctional

Services, LLC (Aramark), and Jon M. Jerger for summary judgment pursuant to Fed. R. Civ. P.

56(c) (DN 17).   For the following reasons, the Court will grant this motion.

## I. PROCEDURAL HISTORY

Plaintiff Marvin Jackson, who is incarcerated at Kentucky State Reformatory (KSR),

initiated this *pro se* prisoner civil rights action on May 23, 2017.[1]  On July 26, 2017, the Court

conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed

several claims, but allowed Plaintiff's claims based upon a refusal to provide diabetic inmates

with diabetic diets to proceed against Aramark and Mr. Jerger in his official capacity (DN 6).[2]

Defendants filed the motion for summary judgment now before the Court on February 2, 2018.

On March 3, 2018, the Court entered an Order directing Plaintiff to file a response to

Defendants' motion for summary judgment within 30 days of entry of the Order (DN 19).  In the

Order, the Court specifically warned Plaintiff that failure to file a response would result in the

Court's consideration of the motion without benefit of a response from Plaintiff.  More than 30

---

[1] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing.  *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).
[2] In their motion, Defendants indicate that Aramark Correctional Services, LLC, and Jon "Matt" Jerger were misidentified in the complaint as "Aramark" and "Mr. Jerge."

days have passed, and Plaintiff has failed to file a response. Accordingly, Defendants' motion for summary judgment is ripe for adjudication.

## II. LEGAL STANDARD

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence of the non-moving party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Nevertheless, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Id.* at 586. Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. It is against this standard that the Court reviews the facts presented.

# III. ANALYSIS

Defendants make several arguments in support of their motion. However, because the Court agrees that Defendants are entitled to summary judgment based upon Plaintiff's failure to exhaust administrative remedies, it need not address Defendants' alternative arguments.

The Prison Litigation Reform Act (PLRA) provides that '[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory but not jurisdictional and applies to all federal claims seeking redress for prison circumstances or occurrences regardless of the type of relief being sought. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The PLRA has been interpreted to require "proper exhaustion," meaning that a prisoner must "'complete the administrative review process in accordance with the applicable procedural rules,'. . . [as] defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Failure to exhaust administrative remedies is an affirmative defense, *id.* at 216, which the defendant has the burden to plead and prove by a preponderance of the evidence.

Requiring exhaustion serves two purposes. First, it gives an agency "'an opportunity to correct its own mistakes with respect to the program it administers before it is haled into federal court,'" and it discourages "'disregard of [the agency's] procedures.'" *Woodford v. Ngo*, 548 at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, exhaustion promotes efficiency. *Id.* This is because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Proper exhaustion of administrative remedies requires "compliance with an agency's deadlines and

other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91 (footnote omitted). Here, the administrative remedy is the prison's grievance procedure. The purpose of a grievance in the prison context is "to alert prison officials to a problem." *Jones v. Bock*, 549 U.S. at 219 (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). The Sixth Circuit has repeatedly held that "'an inmate does not exhaust available administrative remedies when the inmate entirely fails to invoke the prison's grievance procedure.'" *Napier v. Laurel Cty*., 636 F.3d 218, 224 (6th Cir. 2011) (quoting *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003)).

Here, Defendants have submitted evidence that Plaintiff failed to invoke KSR's grievance procedure with regard to his claims against them. In an affidavit signed by Mr. Thomas Everett, the Grievance Coordinator at KSR, Mr. Everett avers that KSR utilizes a grievance policy that allows inmates to grieve about both medical and non-medical issues at KSR. Mr. Everett further states that, under this policy, inmates must file their grievances within 5 business days after an incident occurs. Mr. Everett also states that he is the custodian of KSR's grievance records and that he "checked all of KSR's electronic and paper grievance records dating back to 2012 and did not find any grievance filed by [Plaintiff] concerning food or a medical diet." (DN 17-3, ¶ 9). Defendants also attach the affidavit of Defendant Jerger, Aramark's General Manager at KSR. In his affidavit, Defendant Jerger states that he contacted Mr. Everett to obtain a list of grievances filed by Plaintiff and that he was informed that Plaintiff had not filed any grievance "regarding food or medically prescribed diets during the past two years" (DN 17-2, ¶ 10).

In light of this evidence, the Court concludes that Defendants have satisfied their evidentiary burden and shown that they are entitled to judgment as a matter of law because

Plaintiff took no steps to exhaust his administrative remedies with regard to his claims against them.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment (DN 17) is **GRANTED**. The Court will enter a separate Judgment dismissing the action.

Date: April 23, 2018

**David J. Hale, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Counsel of Record
4415.011